Good morning, your honors. Tom Holden for appellant, Mt. Hawley Insurance. There are two fundamental principles that we base our appeal on. The first is that removal jurisdiction is based on the circumstances in place at the time a notice of removal was filed, and subsequent developments cannot remove jurisdiction. Counsel, before we get to that, we have to have jurisdiction to decide whether your argument is correct. That's correct. And that is the real problem that, at least for me personally, exists here. I had thought naively that we just had no review authority at all over mistaken remands under 1447. It turns out it's a little more subtle than that. We do have jurisdiction if it's not a 1447 remand, which I had thought they all were, but they're not. We all learn new things every day, and that was a new one to me as well. Yep. However, under PowerX, all that your adversary needs is a colorable claim that it's a 1447 remand, maybe a colorable claim that it's jurisdictional. Colorable not meaning very much. Why isn't this one? Because the Court did not even pretend that it was ruling under 1447C. It didn't say there was anything wrong with the removal at the time that it was filed. It merely said that something that happened afterwards. But it was relying on the unanimity rule, mistakenly or not, doesn't necessarily make a difference, because we've said that that's a defect in Agwa and Schulte. So it's a defect for purposes of 1447C, and that's why the district court remanded it. It's a little more subtle than that because the Court was looking at 1448 as the only basis for finding whether there was unanimity or not. And the Court was therefore basing its remand on 1448. But why couldn't it do that? I mean, even if it was erroneous, it seems like it was at least a colorable basis for a defect. Why does the fact that he allowed the defendants, as 1448 does allow, that are later joined, but within the 30 days in 1447C, to then move to remand? It's not a colorable basis because it depends on something that happened after the removal was filed. Well, you're just saying it's erroneous, right? I'm sorry? You're just saying that the district court made an error in holding it was a defect. Well, it's not even a colorable basis for it because the Ninth Circuit rules are very clear that it has to be based on the circumstances at the time of removal, and that if it's something that happens after the time of removal, then it is not based on 1447C. That's the Redham case. Does PowerX change Redham? I'm sorry? Does PowerX change Redham? I don't think so. PowerX just focuses on whether this was a 1447C remand or whether it could arguably be. And the Court here didn't suggest that it was. In their response briefs, the appellees didn't suggest that it was. Everyone knew that this was 1448. The Court was looking at this unique interpretation of the 1448 statute, not referring to 1447C at all, and was basing it on something that happened after the removal had been perfected. Why isn't this kind of defect just a defect other than lack of subject matter jurisdiction under 1447C? Because to be a defect, it has to be something that was defective. There was nothing defective about the removal. There was nothing – I mean, clearly, all of the defendants who had to consent did consent. The others hadn't been served, so they didn't have to. There was nothing defective about it. There was no defect for the Court to base it on. What the Court said was not, there's a defect here. It's not subject matter jurisdiction, but it's a defect. The Court said, we have a statute that says that a later-served defendant can come in and unilaterally decide the Court has to – the case has to be remanded. Well, it's preserved in 1448. There's a statute. Do we have a case that's on point? I mean, we have general language about looking at the time of the removal, generally to prevent the plaintiff from defeating jurisdiction by a fraudulent – fraudulently joining other – or bringing in other defendants. Is there a case that refers to – that's opposite Getty, say, the Fifth Circuit case in Getty, which said it's okay for a district court to apply the unanimity rule after removal. Do we have a case that says you can't do that in the Ninth Circuit? What we have in the Ninth Circuit is the Spencer case, which says for a forum defendant, a local defendant, the rule, of course, being that a local defendant cannot remove and no other defendant can remove if a local defendant has been served. But that was a plaintiff in that case, and it was beyond the 30 days. So 1448 wasn't applicable in Spencer, right? 1448 was not applicable in Spencer. That's right. Our argument on 1448 is based on the language of the statute, which talks about not depriving of a right to move rather than providing a right to unilaterally have the case remanded. What does Wright and Miller say about this? I'm sorry? We don't have any case in point. What does Wright and Miller say? Wright and Miller hasn't addressed this issue that I've been able to find. I think they may cite Getty and say this is what one court has held, but they haven't addressed, you know, that there is a rule one way or the other on it. I think the language of the statute, though, is clear. It doesn't deprive the later-served defendant of a right, but it doesn't create a right either. What about this language in PowerX? In PowerX, we hold that when a district court remands a properly removed case because it nonetheless lacks subject matter jurisdiction, the remand is covered by 1447C and thus shielded from review under 1447D. That's talking about lack of subject matter jurisdiction, which is lack of diversity. Here, unless you buy their realignment argument, which I don't think is very strong, there is diversity. No one questions that. So this is not a case where we're talking about subject matter jurisdiction. It's simply removal jurisdiction. And that brings us back to Spencer, which says that that has to be determined at the time of approval. The defect in removal is not the same thing. Correct. Absolutely. Mr. Holden, is there any dispute that the whole $4 million must be paid? I believe there is a significant dispute about that. It's being fought out in the State court at this point. You just can't put the money in, interplead, and walk away. No, that's correct. There is a dispute about that. There's a dispute about whether it should be paid, to whom it should be paid, and how much, if any, should be paid. Let's assume for the moment that Power Recs, although it was only looking at the subject matter jurisdiction basis, would also be equally applicable to defects. And I guess I personally don't see why it wouldn't. Let me ask you about the forum defendant rules. And since you talk in your brief quite a bit about the parallel nature of the forum defendant rule and the unanimity rule. Yes. And one question, in just trying to parse out the statute, the forum defendant rule does allow, is a statutory requirement, which says that it would defeat diversity if one of the, at the time of the removal, it would defeat diversity if one of the defendants were a citizen of that forum. So it would defeat the opportunity to remove, not diversity. But if 1448 preserves all of those opportunities that are allowed, what would happen then in the 1448 situation where a defendant is joined after removal and within the 30 days moves to remand based on 1441B? Well, again, as in Spencer, you look at the circumstances at the time of the removal. Spencer is very clear on that. Later developments cannot affect the jurisdiction in the propriety of the removal. Right. But we have a statute. We have a statute that. But the statute says properly served and joined defendants need to be considered for whether there's a forum defendant. If they were not properly served and joined at the time of removal, then subsequent developments don't change that. And the fact that the statute gives an opportunity, 1448 gives an opportunity to move to remand if there was some other defect in the removal. For example, if there was a served defendant who didn't consent and the plaintiff didn't object to it and none of the other defendants objected to it, but this new defendant came in and said, well, there is a served defendant who wasn't included, then they can move to remand. They don't lose that right by the fact that they were served late. But it doesn't give them a new special right to change what was true at the time of the removal. I was going to say I'll reserve most of my time, but it's only 10 seconds. Thank you. Thank you. Thank you, counsel. Good morning, Your Honors. Jennifer Roof with Miller & Ash representing Lebanon Hardboard. I am going to be arguing for all appellees today. If there is a few minutes left over, then one of the other attorneys may argue as well, but I anticipate that may not happen. You're going to do all the argument today? I am. Why shouldn't we interpret this language in PowerX to mean only if a district court remands because it lacks subject matter jurisdiction, is the remand covered by 1447C? I haven't recently reviewed the language of PowerX, but when I was preparing the brief, I thoroughly looked into the issue of whether we could argue that the Ninth Circuit does not have jurisdiction to review the remand order. And my conclusion was the same as the other. So we should simply accept authority, yours? No, absolutely not. I mean, the court has the duty to determine subject matter jurisdiction. Is there any other case law that you can cite to us that tells us what the answer is here? No, I did not find any case law on point in this circumstance under these facts. Any secondary authority? Both either way. No, I couldn't find any. So Lively and Redham say that we should look into whether the district court had the authority, even though we're not to look at whether it's an error. And we can say that PowerX overruled Lively and Redham under our standard only if Lively and Redham are irreconcilable with PowerX. Now, PowerX states we look only whether the district court relied on a ground that is colorably characterized as subject matter jurisdiction. It didn't say if the district court relied on a ground that is colorably characterized as a defect. Now, can we say that PowerX is irreconcilable with Lively and Redham, or are we bound by our circuit precedent, Lively and Redham? I believe that the distinction remains between a defect in the removal process and the subject matter jurisdiction. Okay. So you're saying we would need to reach the merits and determine whether the district court had the authority to remand. I believe so. All right. I'm not sure that that's right. What Redham says is when the remand order is not based on defective removal or lack of subject matter jurisdiction at the time of removal, 1447C does not apply and 1447D restriction does not apply. Now, here, what you have is a defective removal order.  You have a defective removal order. It's not defective at the time of the removal, but it's defective later. I wonder if in this context the language of Redham at the time of removal isn't dicta or surplusage, because it doesn't look as though they were trying to distinguish between a defect at the time of removal and a defect that arose later. Here, what you have is a defect that arose later, and I wonder if that part of Redham survives and says it's not a 1447C, so 1447D doesn't apply. Can you help me with this? Well, it is a difficult issue, to be sure. I guess the issue comes down to whether this Court believes that the subsequent service of a defendant moving to remand under 1448 based on lack of unanimity is, in fact, a defect or is not a defect, and whether that distinction is a distinction without a difference or whether that means something as far as subject matter jurisdiction is concerned. Okay. It's a subsequently arising defect. But I find it hard to give meaning to the words without looking at the purpose. I've always wondered, since I was a district judge, why Congress promulgated 1447D, because obviously some remands are going to be mistaken. And the only thing I could figure out is they decided better a mistaken remand to state court than a delay while everybody fools around in the Ninth Circuit or any other circuit for a couple of years, figuring out whether it was defective before they litigate their case one place or the other. That means take a very broad interpretation of 1447D and just grab Power X and run with it and extend it and kill off the Ninth Circuit authority to the contrary. That also would be in line. The alternative is that Congress really only meant 1447D for no diversity, no Federal question. And if it's anything beyond that, let people appeal. Well, I think the former approach complies with the principle that removal statutes are strictly construed to in favor of remand and that all doubts must be resolved in favor of remand and against removal. And that has a basis in the Constitution. The Constitution's limits of the Federal judicial power to review state disputes and the limit of or the reservation of jurisdiction to state courts of state court disputes. So assuming we do have to reach the merits, which you seem to suggest, as to whether the district court had the authority to remand in this case, whether it applied the unanimity rule correctly, how do you get around our case law which says you look at that sort of issue at the time of the removal, not when defendants are later added? Well, I think that the statute is clear. Section 1448 expressly permits a later served defendant, not a plaintiff, but a defendant, to move to remand. And every case that has considered this issue has ruled that the subsequently served defendant has the right to remand. There is not a single case that holds otherwise. Well, it has a right to remand, but does it have a right to remand on the basis of the unanimity rule if that's not a defect after removal? That's the question here. That is the question here. And there is not a single case that supports Mount Holly's argument that a defendant who is not even served yet can, simply by winning the race to the courthouse, abrogate the unanimity rule on the subsequently served defendant within the 30-day removal period. There's not a single case because there's not one that exists. Well, there's not a case that says that you can do it either, right, in the Ninth Circuit? Not in the Ninth Circuit, no. We've never decided that. So you're looking at Getty in the Fifth Circuit. But we have strong language saying you look at the unanimity issue at the time of the removal, and so these later added defendants, even though it's not specific to the unanimity rule, I'm just not sure why it's not applicable or how we would distinguish that rule. The distinguishment that I think is relevant, Mount Holly relies heavily on that Spencer case. The Spencer case involved a plaintiff who was seeking to remand based on the form defendant rule, based on the addition of a defendant discovered during discovery. So this must be the case. Well, I understand Spencer is distinguishable, but how about a case like Emmerich, which has the language saying we look at the time of the removal? Let's see. The general rule, the unanimity rule, applies only to defendants properly joined and served in the action. And so we're saying the unanimity rule doesn't apply after removal. Well, the unanimity rule can be ignored for the purposes of removal, at that time of removal. However, when later served defendants choose to remand, to make a motion to remand based on a lack of unanimity, then 1448 provides that vehicle. 1448 uses the language move to remand, but that's how remands are affected, through removal. But it doesn't say anything about the unanimity rule. It doesn't say anything about the unanimity rule. I think that Mount Holly's argument about interpretation of 1448 together to ameliorate the effect of 1447C is not supported by case law. Mount Holly cites no cases to suggest otherwise. And, in fact, courts that have confronted the issue have held that Section 1448 must be read together with 1447C and require that a motion to remand be made within 30 days of the motion to remove. I'm not sure I follow your argument. When I read 1448, it looks to me as though what it's doing is preserving rights to people who haven't been served yet. So when they get served, they have their rights. Defendants have the right to stay in State court unless they all agree they should be in Federal court, if the case was filed in State court, even if there is diversity. Right. Now, sometimes a defendant is never served. For example, the plaintiff is worried about the statute of limitations running in a State where filing rather than service controls limitations. So the plaintiff names everybody who may conceivably be a good defendant in the case, but then does some more thinking and research and perhaps discovery and decides that some of them will not be liable and in order to avoid suing somebody who shouldn't be sued, never serves the non-liable defendants. In that case, unanimity among the unserved defendants is not necessary. Right. However, if the plaintiff has never served a defendant, but the defendant knows perfectly well that it's likely to be served and consents to jurisdiction by appearing, or the defendant is subsequently served, its rights are preserved under 1448, including its right to unanimity. Right. I think your first scenario is precisely the reason for the exception to the unanimity rule for unserved defendants. But that's only for defendants who are unserved forever, not for defendants who either consent to jurisdiction by appearing or are subsequently served. Right. In this case, the defendant was subsequently served within the 30-day removal period, and in that case would be subject to the unanimity rule. I see. Thank you, counsel. Your Honor, the only defect that can arise after the removal is filed is one that affects subject matter jurisdiction. Later events that occur, such as later served defendants who are not in agreement with removal or are local defendants, that is not a defect. What do you rely on for that? What are you citing for that? It's not in the statute. Well, the Spencer case. That was a plaintiff. So that's distinguishable. Is there another case? Well, what happened in Spencer was that there was a forum defendant that came into the case later, and the Court said that doesn't change anything. It was beyond the 30 days. That's not a defect. There was no 1448 because it was a plaintiff, and it was beyond 30 days. So that doesn't seem applicable here. Well, but it's at the time of removal. The Court said it's at the time of removal, not the circumstances within the period of a potential remand motion. But the circumstances at the time of removal. So is Spencer your best case? I believe it is the best case for looking at the circumstances at the time of removal and the subsequent events. Unless they affect subject matter jurisdiction, do not change that. And that's essentially the same thing Power Act said, which is subject matter jurisdiction, you can raise at any time. The other defect issues, it didn't address at all. And finally, I would just point out that the right that is preserved in 1448 is the right to move. It is not the right to unanimity. It is not the right to be a forum defendant and not be removed. It's not the right to unilaterally decide to remand the case. It's the right to file a motion. But you still have to have grounds for that motion, apart from the fact that you are able to file one under 1448. Thank you. Thank you, Counsel. Atlantic National Trust v. Mount Holly is submitted.
judges: Kleinfeld, Bea, Ikuta